UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GREGORY GRIMES, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MODCO, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO:   3:18-cv-518-RGJ <br> ) <br> ) <br> ) <br> ) |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Gregory Grimes ("Grimes"), on his behalf and on behalf of others similarly situated ("Plaintiffs"), brings this action against Modco, Inc. ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and states as follows:

**OVERVIEW**

1.  Defendant has failed to pay Grimes and those similarly situated to him in accordance with the FLSA.  Specifically, Defendant misclassified Plaintiffs as independent contractors, as opposed to employees, at all times in which they worked as delivery drivers for Defendant.  As a result, Defendants failed to pay Plaintiff, and all other members of the proposed class, overtime compensation that they were entitled to under the FLSA.  Furthermore, Plaintiffs were deprived of all other perquisites of employment, such as paid time off and participation in Defendant's 401(k) plan. Plaintiff brings this action pursuant to 29 U.S.C. §216(b).

## PARTIES

2. Grimes is an individual who resides in Kentucky. He was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this complaint. At all times hereinafter mentioned, Grimes was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §206. His written consent is attached as Exhibit A.

3. Zip Express, Inc. is a Kentucky corporation doing business as a logistics company in and around the Louisville area. Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

4. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s).

## JURISDICTION AND VENUE

5. This court properly has jurisdiction under 28 U.S.C. § 1331, because Plaintiff brings a claim arising under federal law, specifically, the FLSA.

6. Venue is proper in this District because the Defendant may be found herein, and a substantial portion of the events giving rise to this claim occurred within this District. Therefore, venue is proper in this court pursuant to 29 U.S.C. §216(b).

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

9. Defendant employed Grimes as a Driver from on or about October 29, 2012 until May 19, 2018.

10. Defendant is in the logistics business.

11. In furtherance of Defendant's business, Defendant employed Plaintiff and other employees (collectively "Drivers") to deliver their customers' products to their destination.

12. Drivers were required to arrive at the Defendant's facility before the truck each weekday, which meant they had to arrive at approximately 5:00 am to unload and separate the truck full of the items to deliver for the day. The unloading and separating took approximately 2 hours each day.

13. At approximately 7:00 am each weekday, Grimes would embark on an approximate 120 mile drive from the warehouse to his first delivery.

14. Between approximately 9:00 am and 2:00 pm each weekday, Grimes would deliver medical and other goods to Defendant's customers.

15. Between October 2012 and December 2017, Grimes was required to work the following route ("Route 1"):

- Stop #1. Paul B. Haul Hospital in Paintsville, KY. Delivered Cardinal Health and Blood.
- Stop #2. Value Med in Paintsville, KY. Delivered Smith Drug and Miami Luken.
- Stop #3. Mountain Apothecary in Paintsville, KY. Delivered Miami Luken.
- Stop #4. Med Zone Pharmacy in Prestonsberg, KY. Delivered Smith Drug and Miami Luken.
- Stop #5. Highlands Regional Medical Center in Prestonsberg, KY. Delivered Blood.
- Stop #6. Cooley Medical in Prestonsberg, KY. Delivered Cardinal Health.
- Stop #7. Value Med in Prestonsberg, KY. Delivered Smith Drug and Miami Luken.
- Stop #8. Gary's Pharmacy in Salyersville, KY. Delivered Miami Luken.
- Stop #9. Hope Pharmacy in Salyersville, Ky. Delivered Cardinal Health.
- Stop # 10. Wolfe Family Pharmacy in Campton, KY. Delivered Cardinal Health.

16. Grimes was required by Defendant to make the aforementioned stops in order each day and was required to hit specific target times for each stop. Grimes ran this route Monday through Friday each week during the stated period. He was paid $159.93 per day for running Route 1.

17. Between December 2017 and May 2018, Grimes ran a different route from Monday through Friday each week. Route 2 was as follows:

- Stop #1. Med Save Pharmacy in Martin, KY. Delivered Cardinal Health.
- Stop #2. Saint Joseph Hospital in Martin, KY. Delivered Blood.
- Stop #3. Medicine Market in Martin, KY. Delivered Miami Luken.
- Stop #4. CVS in South Williamson, KY. Delivered Cardinal Health.

- Stop #5. Hurley Drug in Williamson, WV. Delivered HD Smith/ Miami Luken.
- Stop #6. Family Pharmacy in South Williamson, KY. Delivered Smith Drug.
- Stop #7. South Williamson ARH in South Williamson, KY. Delivered Blood.
- Stop #8. Field's Medical in Inez, KY. Delivered Miami Luken.
- Stop #9. Martin Community Health in Inez, KY. Delivered Cardinal Health.
- Stop #10. Louisa Drug in Louisa, KY. Delivered Miami Luken.
- Stop #11. Riverview Pharmacy in Louisa, KY. Delivered Miami Luken.

18. Grimes was required by Defendant to make the aforementioned stops in order each day and was required to hit specific target times for each stop. Grimes was paid $173.00 per day for running Route 2.

19. At approximately 2pm each weekday, Grimes would embark on the approximate 120 mile drive back to the Defendant's warehouse.

20. Between April 2013 and May 2018, Grimes ran a Saturday Route as well. Grimes' route was as follows:

- Stop #1. Medicine Shoppe in Somerset, KY. Delivered Cardinal Health.
- Stop #2. Walmart in Somerset, KY. Delivered Walmart.
- Stop #3. Walmart in Monticello, KY. Delivered Walmart.
- Stop #4. Silver's Pharmacy in Monticello, KY. Delivered Cardinal Health.
- Stop #5. Dyer Drug in Albany, KY. Delivered Cardinal Health.
- Stop #6. Capps Pharmacy in Burkesville, KY. Delivered Cardinal Health.
- Stop #7. Walmart in Columbia, KY. Delivered Walmart.

21. Grimes would arrive at 7am on Saturdays to identify what needed to be delivered and load his van. He would embark on the 40 mile trip to Somerset for his first delivery. He would return to the warehouse at approximately 2pm each Saturday. Grimes was paid $198 per day for performing his Saturday Route.

22. When Grimes would arrive back to the warehouse, he would have to empty his van of all empty totes/ returns and place them in their designated locations. He would then proceed to complete and file paperwork for all my stops. Grimes estimates that he would spend an additional 30 minutes per day performing these duties.

23. In addition to running his route, on weekdays between June 2015 and June 2017, Grimes sorted items at the warehouse overnight. Grimes would arrive at the warehouse at 12am and wrap 12-14 pallets of empty totes/ returns. From 1am- 2am, Grimes would complete the warehouse manager's paperwork. At 2am, Grimes would scan in and sort the Smith Drug truck by routes which took until 4am. Grimes was paid $80 per overnight and would work overnight from Monday through Friday.

24. During the relevant time period, Defendant classified Grimes and other Drivers, as an independent contractor.

25. Plaintiff was not permitted to work for any other transportation or logistics company while he was employed by Defendant; nor was he allowed to transport products for any other customer.

26. Between June 2015 and June 2017, Grimes was required to work Monday through Friday from midnight to approximately 3:30 pm. He was also required to work 7am to 2:30pm on Saturdays. Grimes averaged working 85 hours per week, but did not receive 1.5 times his regular rate for hours worked over 40 each week. Between June 2017 and May 2018, Grimes averaged working 60 hours each week.

27. Defendant set Grimes' schedule, determined the sequence in which he made deliveries, and controlled a variety of aspects related to the conduct and appearance of the Drivers, including Grimes.

28. Managers and other employees of Defendant supervise Drivers during their shifts and enforce the Defendants' policies, procedures and rules against Drivers, including disciplining or terminating a Driver for their non-compliance.

29. Defendant controls all of its own advertising and promotion. Plaintiffs did not have any control over advertising and promotion for Defendant.

30. Plaintiffs do not make any capital investment in Defendant's facilities, advertising, maintenance, or other inventory.

31. At all relevant times, Defendant was exclusively responsible for the maintenance of its facility, inventory, and obtaining all appropriate business insurance and licensing.

32. Drivers do not operate their own individual businesses.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

33. Plaintiff are similarly situated to other Drivers in that the practice and policy of misclassifying Drivers as independent contractors has affected all current and former Drivers who worked for Defendant ("Members of the Class").

34. Plaintiffs and the Members of the Class all were subject to Defendant's common business policy of failing to pay wages or overtime or any benefits that it offered to its other employees to the Drivers.

35. There are questions of fact and law common to the class, including the

following:

    a.    Whether Defendant controls Drivers' schedules.

    b.    Whether Defendant controls what Drivers wear during work hours;

    c.    Whether Defendant controls prices for the deliveries Driver's make;

    d.    Whether Defendant controls how and in what order Drivers deliver their route;

    e.    Whether Drivers own and operate their own individual businesses.

    f.    Whether Drivers can realize a profit or loss from their work.

    g.    Whether Drivers have made any capital investments in Defendant or their facilities.

    h.    Whether Defendants improperly classify Drivers as independent contractors.

    i.    Whether Defendants fail to pay Drivers overtime wages.

    j.    Whether Defendants are liable to Drivers for attorney's fees associated with this action.

    k.    Whether Defendants failure to pay Drivers minimum wage and overtime is "willful" under the FLSA.

    l.    Whether Defendants are liable to Drivers for liquidated damages under 29 U.S.C. 216(b).

    36.    Defendants failure to pay minimum wage as required by the FLSA results from a policy or practice applicable to Plaintiffs and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of

the Plaintiffs or those joining this lawsuit. Rather the same policy or practice that resulted in the non-payment of overtime and other benefits to Plaintiffs applied to all Members of the Class. Accordingly, the class is properly defined as:

**All current and former employees of Defendant who worked as Drivers.**

37. Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and the Members of the Class.

## LEGAL ALLEGATIONS

### FAILURE TO PAY WAGES IN ACCORDANCE
### WITH THE FAIR LABOR STANDARDS ACT

38. Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as fully set forth herein.

39. During the (3) three years preceding this action, or at the commencement of employment (whichever is applicable), Defendant has violated and is violating the provisions of 29 U.S.C. §§ 203 and 206 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without properly and legally compensating these employees for their employment.

40. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court find for them and grant them the following relief:

a. An Order pursuant to Section 16(b) and 203(m) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to him;

b. An Order awarding Plaintiffs (and those who have joined in the suit) their lost wages caused by Defendant's misclassification;

c. An Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

d. An Order awarding Plaintiffs (and those who have joined in the suit) their attorney's fees;

e. An Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. An Order enjoining future violations of the FLSA; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000

<div style="margin-left: 2in;">

Facsimile:	(812) 424-1005
Email: ad@bdlegal.com
Attorneys for Plaintiff, Gregory Grimes

</div>

## **DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of others similarly situated, by counsel, request a trial by jury on all issues deemed so triable.

<div style="margin-left: 2in;">

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone:	(812) 424-1000
Facsimile:	(812) 424-1005
Email: ad@bdlegal.com
Attorneys for Plaintiff, Gregory Grimes

</div>