UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GREGERY GRIMES, INDIVIDUALLY　　　　　　　　　　　　　　　　　　　　　　Plaintiffs
AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,

v.　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:18-cv-518-RGJ

MODCO, INC.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant, Modco, Inc.'s ("Modco") moves to compel arbitration and dismiss the complaint. [DE 7]. Plaintiff, Gregery Grimes ("Grimes") responded[1], [DE 14] and Modco replied [DE 18]. This matter is ripe. For the reasons below the Court **GRANTS in part and DENIES in part** Modco's Motion to Compel Arbitration and Dismiss the Complaint [DE 7].

**I.　Factual Background**

Modco, a logistics and transportation company, hired Grimes to transport and deliver products. [DE 7-1 at 29; DE 14 at 71]. Modco hired Grimes as an independent contractor, yet Grimes asserts this was an incorrect classification. [DE 1, ¶ 1]. As a part of his employment, Grimes entered into an owner/operator agreement (the "Agreement") with Subcontracting Concepts LLC ("SCI"), who facilitated the employment relationship between Modco and Grimes. [DE 7-1 at 28]. That agreement contained an arbitration clause:

> [i]n the event of any dispute, claim, question, or disagreement arising from or relating to this agreement or the breach thereof, or service arrangement between [Grimes] and SCI's clients or any permissible statutory disputes, the parties hereto shall use their best efforts to settle the dispute, claim, question, or disagreement. To this effect, the parties shall consult and negotiate with one another in good

---

[1] Grimes's responded [DE 14] on his behalf and on behalf of all others similarly situated. Yet the agreement to arbitrate is between Modco and Grimes, individually. As a result, this Order is only binding as to Grimes.

1

faith, in an attempt to reach a just and equitable solution, satisfactory to both parties. If resolution of the dispute, claim, question, or disagreement is not reached within a period of 60 days, then upon notice by either party, . . . [a]ll [non-small claims] disputes, claims, questions, or differences beyond the jurisdictional maximum for small claims courts within the locality of the Owner/Operator's residence shall be finally settled by arbitration in accordance with the policies of the Federal Arbitration Act and New York State's Arbitration provisions.

[DE 7-3, ¶ 26]. The Agreement also limits the type of damages awardable by the arbitrator to "actual monetary damages," specifically excludes punitive and equitable relief, and requires each party to bear their own costs for arbitration. [*Id.*].

Grimes filed a putative collective action against Modco alleging violations of Fair Labor Standards Act ("FLSA") based on his classification as an independent contractor in this Court. [DE 1]. Grimes alleges that Modco violated the FLSA by "employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without properly and legally compensating these employees for their employment." [DE 1, ¶ 39]. Modco moved to compel arbitration pursuant to the Agreement seeking to enforce the arbitration clause as a third-party beneficiary.

**II.    Legal Standard**

Congress enacted the United States Arbitration Act of 1925 ("FAA"), 9 U.S.C. §§ 1–16, and federal and state law favors enforcing arbitration agreements. *See Whalen v. Lord & Moses, LLC*, Case No. 09-CV-0192-JBC, 2009 WL 3766327, at *1 (E.D. Ky. Nov. 10, 2009). The FAA's purpose was to put arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

If there is an arbitration agreement applicable to a dispute filed in court, Section 4 of the FAA provides that a party may petition a court to compel arbitration. FAA § 4. Upon such a petition, the Court "shall hear the parties, and upon being satisfied that the making of the

2

agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. Even so, the Court first "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co*., 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc*., 315 F.3d 619, 624 (6th Cir. 2003)).

In determining whether the dispute is arbitrable, the Court first looks to whether the parties formed a valid arbitration agreement. *See Braxton v. O'Charley's Rest. Properties, LLC*, 1 F. Supp. 3d 722, 725 (W.D. Ky. 2014) ("Such review, the Sixth Circuit advises, requires the Court to determine first whether a valid agreement to arbitrate exists between the parties, and second whether the specific dispute falls within the substantive scope of the agreement.) (internal citations and quotations omitted). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate," and the necessary showing "mirrors that required to withstand summary judgment in a civil suit." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir.), *cert. denied*, 522 U.S. 948, 118 S. Ct. 365, 139 L.Ed.2d 284 (1997)).

If the Court determines that a valid agreement existed, then the Court must determine whether the claim falls within the scope of the arbitration agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 626 (1985). Here, the parties do not dispute the validity of the arbitration agreement. Instead, they dispute whether FLSA claims fall under the arbitration clause, and if so, whether public policy prohibits this FLSA claim from being arbitrated.

**III. Discussion**

The threshold question is whether the Court should apply New York law or Kentucky law in its analysis. Modco asserts that under the choice of law provision in the Agreement, New York law applies. [DE 7-1 at 34]. Grimes fails to address which law applies but cites mostly Sixth Circuit cases. Here, the choice of law provision is clear, New York law applies. [DE 7-3, ¶¶ 23, 26]. Regardless, under either Kentucky or New York law, Modco can still compel Grimes to arbitrate his claims.

    A.    <u>Modco is a third-party beneficiary of the Agreement</u>.

Under New York law, "signatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory where a careful review of the relationship among the parties, the contracts they signed . . ., and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58, 70 (2d Cir. 2005) (internal quotations and citations omitted). Courts in the Second Circuit applying this test have focused on two factors: whether "(1) the signatory's claims arise under the subject matter of the underlying agreement, and (2) whether there is a close relationship between the signatory and the non-signatory party." *Moss v. BMO Harris Bank*, N.A., 24 F. Supp. 3d 281, 288 (E.D.N.Y. 2014) (internal citations and quotation marks omitted).

Similarly, in Kentucky, "[t]hird parties . . . may seek to enforce the terms of the contract by showing that the parties to the contract intended by their agreement to benefit the third parties directly . . . Such intent need not be expressed in the agreement itself; it may be evidenced by the terms of the agreement, the surrounding circumstances, or both." *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827, 831 (Ky. Ct. App. 2009). "An actual and direct promise

for the benefit of a third party will be sufficient to create privity between the promisor and the third party beneficiary." *Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 770 (W.D. Ky. 2005).

Whether the Court applies Kentucky or New York law, Modco is an intended beneficiary of the Agreement. First, neither party disputes that Modco can enforce the Agreement. Second, the arbitration clause in the Agreement between Grimes and SCI specifically contemplates that it will apply to "SCI's clients," in this case Modco. [DE 7-3, ¶26]. Further, the Agreement's purpose is to establish certain terms to facilitate Modco's employment of Grimes, and the terms of that employment are directly at issue in Grimes's claims against Modco. As a result, Grimes and SCI "intended by their agreement to benefit" Modco (*Olshan Found. Repair*, 276 S.W.3d at 831) and the "the issues [Modco] is seeking to resolve in arbitration are intertwined with the agreement that [Grimes] has signed," (*Denney*, 412 F.3d at 70). Thus, Modco is an intended, third-party beneficiary of the Agreement and can enforce the arbitration clause.

      B.    <u>FLSA claims are not excluded from arbitration agreement</u>.

Grimes objects to applying the arbitration clause over this dispute because it involves FLSA claims. He argues that he never agreed to arbitrate the FLSA claims and that "the arbitration provision does not specifically mention any statutory claims that must be arbitrated and its plain language does not encompass or reference any statutory claims that must be submitted to arbitration." [DE 14 at 76–77]. In response, Modco argues that "the fact that Plaintiff's claims arose solely out of and are related to the services he contracted to perform under the Agreement, such claims were contemplated and covered by the plain language of the Agreement." [DE 18 at 99].

5

Courts in both the Second Circuit and the Sixth Circuit have found similar employment contracts require arbitration of FLSA claims. *See Holt v. City of Battle Creek,* No. 1:15-CV-931, 2017 WL 9883345, at *4 (W.D. Mich. Feb. 14, 2017) ("the Sixth Circuit has held that an arbitration clause like the one at bar, which requires arbitration of 'any' dispute arising out of an agreement, is 'extremely broad'" and includes FLSA claims arising out of the employment contract at issue); *Thomas v. Right Choice Staffing Grp., LLC,* No. CIV. 15-10055, 2015 WL 4078173, at *5 (E.D. Mich. July 6, 2015) (requiring arbitration of FLSA claims based on arbitration clause in the employment contract); *Hodges v. All Transit LLC*, No. CV 13-2587 LDW ARL, 2014 WL 537748, at *2 (E.D.N.Y. Feb. 7, 2014) (finding "that the Arbitration Provision 'clearly and unmistakably' requires arbitration of plaintiffs' FLSA claims, notwithstanding the lack of specific reference in the Arbitration Provision to federal statutory claims or the FLSA" where arbitration agreement referenced wage and hour disputes).

For example, in *Thomas v. Right Choice Staffing Grp., LLC* the court found that the "dispute regarding Plaintiffs' classification," which was the basis of the FLSA claim arose "out of the agreements and falls within the scope of the arbitration provision." *Id.*, 2015 WL 4078173, at *5. In that case, the arbitration agreement required "the parties to submit to binding arbitration '[a]ny and all disputes arising out of this Subcontract between Contractor and Subcontractor.'" *Id.* The court reasoned that the FLSA claim fell within the scope of that arbitration provision because the agreement, itself, defined the scope of work and classification of the plaintiff as an independent contractor, which was the basis of plaintiff's FLSA claims. *Id.*

The arbitration clause here requires that "any dispute, claim, question, or disagreement arising from or relating to this agreement or the breach thereof, or service arrangement between [Grimes] and SCI's clients or any permissible statutory disputes" are subject to arbitration. [DE

6

7-3, ¶ 26]. This clause is almost identical to and equally broad as the clause in *Thomas*. As in *Thomas*, Grimes's claims are directly linked to the scope of work and his classification as independent contract described in the Agreement. It is immaterial that the arbitration provision did not specifically state that FLSA fell within the scope of the provision because this specificity is not required. *See Hodges*, 2014 WL 537748, at *2. For those reasons, Grimes's FLSA claims fall within the scope of the arbitration clause.

    C.    <u>Arbitration Agreement is not Void as to Public Policy</u>.

Next Grimes argues that even if the arbitration clause applies to his FLSA claims, the Court should not require the parties to arbitrate the FLSA claims based on public policy. [DE 14 at 77–80]. Grimes asserts that the Agreement excludes any punitive or liquidated damages and recoupment of his attorney's fees from any award and he would need to pay a larger upfront cost in arbitration than the filing fee required in federal court. Thus, forcing him to arbitrate him claims "prevent[s] effective vindication of plaintiffs' statutorily mandated rights [and therefore,] is unenforceable." [*Id.* at 77].

While the Court agrees that arbitration of Grimes's claims would not provide the identical relief or process that he would receive proceeding in federal court, that is true of any requirement to arbitrate. Court have routinely enforced arbitration agreements for FLSA claims. *McGrew v. VCG Holding Corp.*, 244 F. Supp. 3d 580, 590 (W.D. Ky. 2017), aff'd, 735 F. App'x 210 (6th Cir. 2018) ("Each circuit court to address this issue has concluded that the FLSA does not contain the 'contrary congressional command' necessary to override the FAA's mandate"); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013) ("the FLSA does not include a 'contrary congressional command' that prevents the underlying arbitration agreement from being enforced by its terms").

7

While there is no per se prohibition on enforcing arbitration agreements in the context of FLSA claim that "does not end the case because . . . 'judge-made' exception to the FAA [ ] 'allow[s] courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right.'" *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 298 (2d Cir. 2013) (quoting *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013)).

1. *Exclusion of certain damages and attorney's fees.*

Grimes argues that the provision of the arbitration agreement : "The arbitrators will have authority to award actual monetary damages only. No punitive or equitable relief is authorized. All parties shall bear their own costs for arbitration and no attorney's fees or other costs shall be granted to either party" means that his right to recovery under the arbitration agreement prohibits him to "obtaining equivalent relief to that of federal court." [DE 14 at 78–79].[2] Faced with a nearly identical claims and arbitration agreement, the court in *Southerland v. Corp. Transit of Am.* found that the provisions excluding attorney's fees and prohibiting liquidated damages were "unenforceable as applied to plaintiffs' FLSA claim*." Id., No. 13-14462, 2014 WL 4906891, at *9 (E.D. Mich. Sept. 30, 201*4). Even so, the court found that the "unenforceable remedies provisions [] do not permeate or pervade the entire arbitration agreement." *Id.* at *10 (internal quotations omitted). Aided by the contract's severability clause, the court amended the agreement to remove the illegality and enforced the arbitration clause.

The Agreement contains the same severability clause. [DE 7-3, ¶ 23]. Thus, the remedy applied in *Southerland v. Corp. Transit of Am.* and by other courts to strike the illegal limitation on damages is appropriate. *See also Coram v. Shepherd Commc'ns, Inc.*, No. 3:14CV-298-JHM,

---

[2] Grimes includes punitive and compensatory damages in his argument, yet those types of damages would not be available to him, even in federal court. *See Southerland v. Corp. Transit of Am.*, No. 13-14462, 2014 WL 4906891, at *8 (E.D. Mich. Sept. 30, 2014) ("The arbitration agreement's "waiver" of punitive damages is therefore not unconscionable. The same goes for consequential damages and for equitable relief, which are also not available for plaintiffs' FLSA claims.")

2014 WL 4782826, at *3 (W.D. Ky. Sept. 24, 2014) ("As a result, the Court finds that the attorney's fees' provision found in Section 15(a)(ii) is unenforceable as to Plaintiffs' FLSA claim but that the arbitration section remains valid based on the severability clause"). As in *Southerland v. Corp. Transit of Am.*, the Court amends the provision to state:

> The arbitrators will have authority to award actual monetary damages only. No punitive or equitable relief is authorized. All parties shall bear their own costs for arbitration and no attorney's fees or other costs shall be granted to either party. **Notwithstanding the foregoing, the arbitrators shall not have the authority to abridge substantive rights or remedies available to the parties under applicable law.**

The Agreement, in all other respects, will be enforced.

### 2. *Cost of Arbitration*

Grimes also urges the Court to apply the judge-made exception and prohibit arbitration because "if the fees and costs of the arbitral forum deter potential litigants, then that forum is clearly not an effective, or even adequate, substitute for the judicial forum." [DE 14 at 79].

Courts have rejected the argument that the added cost of arbitration is always a sufficient basis to apply the judge-made exception and invalidate an arbitration clause for a potential FLSA claim. *See Ernst & Young LLP*, 726 F.3d at 298 ("In other words, 'the fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the *right to pursue* that remedy.'"); *Corp. Transit of Am.*, 2014 WL 4906891, at *11.

Rather, to show that the increased costs associated with arbitration make that agreement unenforceable, "the increased costs must be 'so high as to make access to the forum impracticable,' such that the costs effectively 'constitute the elimination of the right to pursue that remedy.'" *Byrd v. SunTrust Bank*, No. 2:12-CV-02314-JPM, 2013 WL 3816714, at *18 (W.D. Tenn. July 22, 2013) (quoting *Italian Colors Restaurant*, 570 U.S. 228 (2013)). Grimes

bears the burden of making such a showing. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 80 (2000).

Grimes has offered no evidence that the added cost of arbitration would be prohibitive. "The mere 'risk' that an employee will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Holt*, 2017 WL 9883345, at *7; *Damato v. Time Warner Cable, Inc.*, No. 13-CV-994 ARR RML, 2013 WL 3968765, at *10 (E.D.N.Y. July 31, 2013) (enforcing arbitration provision where plaintiff failed to show by specific evidence such as "evidence about their financial situations" or their inability to qualify for waivers that cost of arbitration was prohibitively expensive). The only evidence Grimes puts forth about his inability to pay is that his "Complaint originates from Defendant's failure to pay appropriate wages, thus highlighting financial shortcomings." [DE 14 at 80]. Grimes's assertion, without support, cannot meet his burden of establishing that the increased cost of arbitration is "so high as to make access to the forum impracticable." *Italian Colors Restaurant*, 570 U.S. at 237. As a result, the Court will enforce the arbitration provision.

D. Modco's Motion to Dismiss is moot.

While, Modco does not attack the Complaint on 12(b)(6) grounds, Grimes asserts that the he has stated a claim sufficient to survive a motion to dismiss. [DE 14 at 80–84]. Because the Court finds that the arbitration agreement is enforceable, it cannot reach the merits of the claims. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms

of the agreement."); *Schambon v. Orkin, LLC*, No. 1:16-CV-00130-GNS, 2017 WL 1319834, at *3 (W.D. Ky. Apr. 5, 2017) ("Further, the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed ... absent a ground for revocation of the contractual agreement"). For that reason, the Court will Deny as Moot Modco's alternative motion to dismiss.

## IV. Conclusion

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that** the Motion to Compel Arbitration and Dismiss the Complaint [DE 7] is **GRANTED in part and DENIED in part** as set forth above. This case is **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate Judgment consistent with this Memorandum Opinion & Order. **IT IS SO ORDERED**.

.